PER CURIAM.
Appellants, Perdido Bay Partnership and Lacour Investments, Inc., appeal a final judgment determining that appellees, Bobby Warner and 10 Corporation of Pensacola, and/or James Whigham, were entitled to purchase 145 parcels of land in Escambia County from the Clerk of the Circuit Court. Appellants contend that although they submitted their offer to purchase the property after appellees, appellants’ application took precedence, because appellants tendered the full amount while appellees tendered only a partial amount. We affirm, because we find nothing in the statute precluding the clerk from accepting the parties’ offers to purchase in the sequence in which they were submitted to the clerk.
Section 197.502(7), Florida Statutes (2000), provides that once a county declines to purchase property on its list of “lands, available for taxes,” the clerk must make the property available for public purchase for the amount equivalent to the “opening bid” described in subsection (6)(a) thereof, which, for county-held, non-homestead property, consists of “the sum of the value of all outstanding [tax] certificates against the land, plus omitted years’ taxes, delinquent taxes, interest, and all costs and fees paid by the county.” A representative of the clerk’s office testified that it accepts offers to purchase on a first-come, first-served basis, and thereafter it calculates the amount of the opening bid and informs the applicant of the amount due. The trial court decided from the evidence that all three parties were ready, willing and able to pay the total amount, although the clerk’s calculation of the price later showed that only Perdido Bay’s tender exceeded the total amount due.
The trial court held that the clerk was not required by the statute to disregard the earlier offers simply because Perdido Bay’s offer covered the entire amount. We agree. Because there is nothing in the statute or pertinent rules that outlines the procedure the clerk must follow when offering land for sale under section 197.502(7), the interpretation the lower court placed on the statute does not ap *1155 pear at variance with such provisions. Accordingly, the order appealed is
AFFIRMED.
ERVIN, BOOTH and BROWNING, JJ., concur.